UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIE MICKEY,<br>　　　　　　　　　　Defendant. | Case No.: 15cr1201 BTM<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT** |
|---|---|

　　On December 17, 2015, Defendant Willie Mickey brought a motion to dismiss the indictment [Doc. 75].  On January 8, 2016, the Court held a hearing on the motion.  For the reasons discussed below, Defendant's motion is **DENIED**.

## **DISCUSSION**

　　Defendant moves to dismiss the indictment on the following grounds:  (1) 18 U.S.C. § 1591 is an unconstitutional exercise of federal power under the commerce clause as applied to the facts of this case; (2) the indictment violates the ex post facto clause because it includes means of violating § 1591 that were not criminal at the time of the alleged conduct; (3) 18 U.S.C. § 1591 is unconstitutional due to the lack of mens rea needed for trafficking a minor; and (4) the "reasonable opportunity to observe" language of § 1591(c) is void for vagueness.

Defendant's second through fourth grounds for dismissal of the indictment are now moot because on January 7, 2016, the government filed a Second Superseding Indictment, which does not contain charges for violation of § 1591(c) (trafficking a minor) and does not include the language that was the focus of Defendant's ex post facto arguments. At the motion hearing, the government also dismissed the charges of the Superseding Indictment.

Accordingly, the sole remaining argument concerns whether § 1591 is a constitutional exercise of commerce clause power as applied this case. Citing to United States v. Lopez, 514 U.S. 549 (1995) and Bond v. United States, __ U.S. __, 134 S. Ct. 2077 (2014), Defendant argues that application of § 1591 to the facts of this case, which involve local pimping, would be an overreach of the government's power under the commerce clause. However, in United States v. Walls, 784 F.3d 543, 547-48 (9th Cir. 2015), the Ninth Circuit distinguished both Lopez and Bond in holding that The Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591 et seq., extends to the limits of the commerce clause and that "any individual instance of conduct regulated by the TVPA need only have a de minimis effect on interstate commerce."

In Walls, the charges under 18 U.S.C. § 1591 pertained to the recruitment and coercion of women into prostitution within Washington State, not across state lines. Walls argued that that the TVPA should not extend to purely local conduct.

In rejecting Walls's argument, the Ninth Circuit looked to the wording of the statute, which includes the language "in or affecting commerce," as well as legislative history. Although Defendant argues that the legislative history shows that Congress never intended § 1591 to be used for intrastate activity, the Ninth Circuit found:

> [T]he congressional findings incorporated into the TVPA clearly demonstrate Congress's intent to enact a criminal statute addressing sex trafficking at all levels of activity, see 22 U.S.C. § 7101(b)(12) (finding that, in the aggregate, sex trafficking "substantially affects interstate and foreign commerce" and "has an impact on the nationwide employment network and labor market"); id. § 7101(b)(14) ("No comprehensive law exists in the United States that penalizes the range of offenses involved in the trafficking scheme."); see also United States v. Todd, 627 F.3d 329, 333 (9th Cir.2010) ("Congress concluded that prostitution in American cities encouraged and enlarged the market for this traffic from abroad."). We therefore hold that when Congress used the language "in or affecting interstate or foreign commerce" in the TVPA, it intended to exercise its full powers under the Commerce Clause.

Id. at 547.

The Ninth Circuit explained that Congress has the power to regulate purely intrastate activities with only a de minimus effect on interstate commerce as long as the class of activity regulated is economic and has a substantial effect on interstate commerce. Id. at 548. Because "Congress found that trafficking of persons has a substantial aggregate economic impact on interstate and foreign commerce," the Ninth Circuit held that the district court did not err in instructing the jury that "an act or transaction that is economic in nature" and "affects the flow of

money in the stream of commerce to any degree 'affects' interstate commerce." <u>Id.</u> at 548-49.

This Court is governed by <u>Walls</u>.  Defendant's attempts to distinguish <u>Walls</u> are not persuasive.  Therefore, the Court holds that 18 U.S.C. § 1591 is a constitutional exercise of federal power under the commerce clause as applied to the facts of this case

## **CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 15, 2016

/s/ Barry Ted Moskowitz
Barry Ted Moskowitz, Chief Judge
United States District Court