UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIE DWAYNE MICKEY,<br><br>                            Defendant. | Crim. Case No. 3:15-cr-1201-BTM-1<br>Civ. Case. No.  3:24-cv-2243-BTM<br><br>**ORDER DISMISSING DEFENDANT WILLIE DWAYNE MICKEY'S 28 U.S.C. § 2255 MOTION**<br><br>**[ECF No. 208]** |

Before the Court is Defendant Willie Dwayne Mickey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on alleged newly discovered evidence and ineffective assistance of counsel.  (ECF No. 208.) For the reasons described below, the Court **DISMISSES** Mr. Mickey's motion.

### I.    PROCEDURAL BACKGROUND

On April 18, 2016, a jury found Mr. Mickey guilty on two counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a) and (b)(1).  (ECF No. 100.)  Judgment was entered on September 16, 2016, and Mr. Mickey was sentenced to 204 months confinement and ten years of supervised release.  (ECF No. 131.)  On November 16, 2018, the Ninth Circuit entered a

judgment affirming the conviction. (ECF No. 144.)

On March 25, 2019, Mr. Mickey filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and filed a supplemental § 2255 motion on May 28, 2019. (ECF Nos. 145, 147.) The Court denied those motions and denied a certificate of appealability on November 12, 2020. (ECF No. 170.) On December 3, 2020, Mr. Mickey filed a Notice of Appeal with the Ninth Circuit Court of Appeals requesting a certificate of appealability. (ECF No. 171.) On January 31, 2022, the Ninth Circuit affirmed the Court's denial of a certificate of appealability. (ECF No. 173.)

## II.   DISCUSSION

Because Petitioner's first § 2255 motion was denied, this is a successive petition. However, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If an applicant "does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)); *see also United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (holding that district court lacked jurisdiction to entertain successive § 2255 motion because the Ninth Circuit had not issued certificate authorizing successive motion).

Mr. Mickey has not demonstrated that he sought and obtained an order from the appropriate court (the United States Court of Appeals for the Ninth Circuit) authorizing him to file a successive § 2255 motion. The Court therefore lacks jurisdiction to consider the instant § 2255 motion.

### III. CONCLUSION

For the reasons set forth above, Mr. Mickey's § 2255 motion is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 9, 2024

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge